

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# Elwell v. PP&L Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Elwell v. PP&L Inc" (2002). *2002 Decisions.* Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4512

_____

EDWARD ELWELL
                    Appellant

v.

PP&L, INC., formerly
PENNSYLVANIA POWER AND LIGHT, INC.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 99-cv-2716)
District Judge:  The Honorable Franklin S. VanAntwerpen

_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2002

Before: ALITO and FUENTES, <u>Circuit Judges</u> and OBERDORFER*, <u>District Judge</u>

(Filed:   September 30, 2002)


* The Honorable Louis F. Oberdorfer, United States District Judge for the District of
Columbia, sitting by designation.


_____

FUENTES, Circuit Judge.

Plaintiff Edward Elwell appeals the District Court's grant of the motion for reconsideration of its motion for summary judgment brought by his employer, Defendant PP & L, Inc., and the denial of his motion for reconsideration of his motion for summary judgment. Because we agree with the District Court that Plaintiff failed to raise a genuine issue of material fact with respect to his age discrimination claims, we affirm.

## I. Facts and Procedural Background

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. Elwell asserted age discrimination and retaliation claims against the Defendant pursuant to the Age Discrimination and Employment Act, 29 U.S.C. § 621 et seq. (ADEA) and the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 955(a). In his Complaint, Elwell alleged that, beginning in 1995, when his position of Area Operations Manager was eliminated, and continuing until the filing of his Complaint, the Defendant subjected him to an ongoing pattern of discriminatory decision-making by demoting him and subsequently failing to hire and/ or promote him to positions for which he was qualified. Elwell alleged that, as a result, his salary was reduced and was susceptible to further reduction. Additionally, Elwell asserted that he suffered adverse employment actions in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Defendant moved for summary

judgment as to all counts of Elwell's complaint.

Initially, the District Court denied Defendant's motion for summary judgment. Subsequently, Defendant filed a motion for reconsideration of its motion for summary judgment, which the District Court granted in part and denied in part. The court ruled that only the last three positions for which Elwell applied could be considered. These positions were the Power Delivery Regional Work Manager, Supervising Engineer, and the Service Order Fulfillment (SOF) Team Leader positions. The court held that Elwell failed to establish a prima facie claim as to the Power Delivery Regional Work Manager position because the candidate selected for this position was but one year younger than Elwell. As to the Supervising Engineer and SOF Team Leader positions, the court held that Elwell did not present evidence which successfully rebutted the nondiscriminatory reasons advanced by the Defendant for the selection of other candidates for these positions. Because it held that Elwell failed to establish that any acts of discrimination occurred within the 300 day time window preceding his filing of a charge of discrimination with the EEOC, the court ruled that Elwell's claims arising out of employment decisions made prior to the 300 day period could not be brought under a continuing violations theory and were therefore time-barred. The court rejected Elwell's claim of retaliation based on his employer's failure to hire him for a Project Manager position, ruling that Elwell presented a triable issue only as to whether he had received a less favorable evaluation due to his filing an EEOC charge.

Thereafter, Elwell filed a motion for reconsideration, which the court denied in its entirety. In doing so, the court reversed its earlier holding that Elwell's claim of

-3-

discrimination arising out of Defendant's failure to hire him for the Audit Team Leader position was untimely. The court held that Elwell's claim pertaining to this position was timely because a "mailbox rule" applied, and therefore the date that the charge was received by the EEOC was not determinative. The court nevertheless dismissed Elwell's claim on the basis that Elwell failed to show that he was qualified for the Audit Team Leader position and, therefore, failed to establish a prima facie case of age discrimination arising out the selection of another candidate for the position. The court further held that, even if Elwell established a prima facie case, no reasonable finder of fact could find that he was denied the position based on age discrimination.

The court also revisited Elwell's claim of age discrimination with respect to Defendant's decision not to hire him for the Power Delivery Regional Work Manager position. The court held that, even assuming that Elwell could make out a prima facie case, i.e., even though the candidate chosen for the job was merely one year younger than him, he did not present evidence from which a reasonable trier of fact could conclude that age discrimination motivated the hiring decision. The court declined to revisit its holding with respect to the Supervising Engineer position. After revisiting its analysis of why Elwell failed to establish a triable issue arising out of another candidate's selection for the SOF Team Leader position, the District Court reiterated its previous ruling dismissing this claim.

After a bench trial on Elwell's retaliation claim which survived summary judgment, Judge Rueter entered judgment in favor of Defendant. Elwell does not challenge this judgment on appeal. Elwell appeals the District Court's rulings that he could not sustain his age

discrimination claims on the merits with respect to three of the positions for which he applied and was rejected, namely the Audit Team Leader, Supervising Engineer, and SOF Team Leader positions.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under 28 U.S.C. § 1331 and pendent jurisdiction over Appellant's state law claims pursuant to 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

"[T]he standard of review for a denial of a motion for reconsideration varies with the nature of the underlying judicial decision." Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986). Because this court is addressing the District Court's rulings on Defendant's motion for summary judgment, this Court has plenary review. See id. at 349.

## III. Discussion

Elwell asserts that the District Court erred in holding that he did not establish a prima facie case with respect to the Audit Team Leader position and in holding that, even assuming that he did, he failed to rebut the nondiscriminatory reasons advanced by Defendant with regard to its hiring decision for this position as well as the Supervising Engineer and SOF Team Leader positions. Elwell asserts that the District Court usurped the role of the jury by improperly making credibility determinations regarding the age discrimination evidence submitted by the parties. In response, Defendant asserts that, because Appellant failed to present evidence in support of his age discrimination claims, the judgment of the District Court should not be disturbed and this appeal should be denied.

The parties essentially agree as to the controlling legal standards. In order to establish a prima facie ADEA case, a plaintiff must show that "(1) he is over 40, (2) he is qualified for the position in question, (3) he suffered an adverse employment decision, and (4) he was replaced by a sufficiently younger person to create an inference of age discrimination." Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995). If the plaintiff is able to establish a prima facie case, a presumption of age discrimination arises, which the employer must rebut by providing a legitimate non-discriminatory reason for the adverse employment action. See id. "To defeat a summary judgment motion based on a defendant's proffer of a nondiscriminatory reason, a plaintiff who has made a prima facie showing of discrimination need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." Id.

A. Audit Team Leader

The District Court held that, even assuming Elwell could establish a prima facie case of age discrimination arising out of the selection of a younger candidate for the Audit Team Leader position, this claim necessarily failed because Elwell did not present evidence which would lead a reasonable jury to conclude that the reasons advanced by the Defendant were pretextual. Elwell asserts that, in arriving at its conclusion, the District Court improperly weighed the evidence by reasoning that Defendant's "subjective evidence" was more worthy of credence than the "objective evidence" he introduced. Appellant's Br. at 11.

In Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), the Supreme Court held that a juror could "infer the ultimate fact of discrimination from the falsity of the

employer's explanation" absent the introduction of "additional, independent evidence of discrimination." Reeves, 503 U.S. at 147-49. The Court explained that:

> [A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
>
> This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

Id. at 148 (emphasis in original). This is consistent with our earlier holding in Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994), where we explained that:

> because the factfinder may infer from the combination of the plaintiff's prima facie case and its own rejection of the employer's proffered non-discriminatory reasons that the employer unlawfully discriminated against the plaintiff and was merely trying to conceal its illegal act with the articulated reasons, a plaintiff who has made out a prima facie case may defeat a motion for summary judgment by either (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. Thus, if the plaintiff has pointed to evidence sufficiently to discredit the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case.

Fuentes, 32 F.3d at 764 (emphasis in original) (citations omitted). Defendant came forward with the deposition testimony of Martin Urban, who was one of three employees of the Defendant who interviewed Elwell for the Audit Team Leader position in February of 1997 and was the person who made the decision to not hire Elwell. Urban testified that he decided that Elwell was not the best candidate for the Audit Team Leader position because a score of 3.0 was required for the position and he had interviewed him for a position entailing similar responsibilities in a different area of the company in August of 1996, at which time Elwell received a consensus score of 2.43 from the three interviewers. In order to show that this reason was but a pretext for discrimination, Elwell came forward with a "Synchrony Feedback" evaluation of Elwell from August of 1996, in which he received a score of 4.2 for his performance on his then current job. The District Court correctly reasoned that, because there was no evidence (1) that either Elwell's score of 2.43 in the earlier interview for the similar position or the requirement of a score of 3.0 were incorrect; or (2) that the level of proficiency required to score 4.2 on the Synchrony Feedback evaluation was sufficient to qualify for the Audit Team Leader position; or (3) that Elwell's qualifications for his then current job implied he was sufficiently qualified for a higher level position, a reasonable jury could neither discredit Defendant's reasons as pretextual nor find that age discrimination was more likely than not a determinative factor in Defendant's decision not to promote Elwell.

The District Court properly rejected Elwell's argument that it usurped the role of the jury by weighing the Synchrony Evaluation against the consensus score. As the District Court explained,

> [c]redibility determinations are indeed the province of the trier of fact. On a motion for summary judgment, the court must accept as true all reasonable inference that favor the nonmoving party. However, we may only consider <u>reasonable</u> inferences; we may not improperly consider those inferences that are unreasonable. We have drawn all reasonable inferences in favor of Plaintiff.
>
> It remains our function, however, to determine whether there is <u>sufficient</u> evidence for a claim to reach the trier of fact.

App. at 60-61 (<u>citing</u> 9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2528 (2d ed. 1995), at 294) (emphasis in original). Accordingly, we affirm the District Court's dismissal of Elwell's claim for age discrimination arising out of the selection of a younger candidate for the Audit Team Leader position.

B. <u>Supervising Engineer</u>

Similarly, Elwell's claim of discrimination arising out of Defendant's choice of another candidate for the Supervising Engineer position, which Elwell applied for and was rejected from without having the opportunity to interview, fails due to his failure to rebut the reasons advanced by the Defendant for its hiring choice. Elwell asserted that Douglas Krall, the PP & L employee with hiring authority with respect to this position, could not have known that he lacked the skills the position required because he was never given the opportunity to present his qualifications at an interview. Moreover, Elwell asserts that the job posting for which he tailored the materials he submitted did not indicate that the position required "technical knowledge of energy scheduling and reconciliation, the tariff structure within the Pennsylvania, New Jersey and Maryland (PJM) power grid, factors that lead to power flow disruptions, and coordination and drafting of contracts with alternative electric suppliers." App. at 232, Krall

Decl.

The District Court properly rejected this argument on the basis that Elwell failed to introduce evidence that age discrimination more likely motivated the hiring choice and failed to demonstrate "such weaknesses, implausibilities, inconsistences, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder <u>could</u> rationally find them 'unworthy of credence[.]'" <u>Fuentes</u>, 32 F.3d at 765 (emphasis in original) (citations omitted). Because Elwell did not show that the reasons advanced for the hiring of a candidate possessing the skills sought were a pretext for age discrimination, he failed to carry his burden under the <u>McDonnell Douglas</u> framework and dismissal of his claim regarding the Supervising Engineer position was appropriate.

C. <u>SOF Team Leader Position</u>

Finally, the Court addresses Elwell's contention that the District Court erred in dismissing his claim of age discrimination arising out of his nonselection for the SOF Team Leader position. Assuming, without deciding, that nonselection for this project leadership role amounted to an "adverse employment action," Elwell's claim fails as it boils down to his assertion that the candidate selected proved to be a disappointing choice and that he could have done a better job. Michael Sobeck, Defendant's employee who made the hiring decision with respect to this position, asserted that he did not choose Elwell for the job because his staff recommended against his selection due to a lack of confidence in Elwell's leadership and management skills and because Elwell had expressed doubts about the team's ability to complete the project. While Elwell asserted that he was the logical choice for the position,

-10-

he did not present evidence from which a reasonable jury could find that he was discriminated against because of his age. We observe that Elwell's case is further weakened by the fact that Sobeck was fifty years old at the time he made his hiring choice. See App. at 207; Dungee v. Northeast Foods, Inc., 940 F. Supp. 682, 688 n. 3 (D. N.J. 1996) (citing cases that hold that a plaintiff's ability to raise an inference of discrimination is hampered when the decision maker is a member of the plaintiff's protected class).

## IV. Conclusion

After carefully considering the arguments discussed above and all other arguments advanced by the Appellant in support of his assertion that the District Court erred in dismissing his claims on summary judgment, we affirm the District Court's decision.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

By the Court,

/s/ Julio M. Fuentes
Circuit Judge